IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARQUISE FIELDS, | * |
| Plaintiff, | * |
| v. | *  Civil Action No. JKB-20-3039 |
| LT. LANDON; *et al.*, | * |
| Defendants. | * |

\*\*\*

## MEMORANDUM OPINION

Self-represented plaintiff Marquise Fields, an inmate presently incarcerated at Jessup Correctional Institution in Jessup, Maryland, filed the above-captioned 42 U.S.C. § 1983 civil rights action against the Warden of Eastern Correctional Institution ("ECI"), Lt. Landon,[1] Ofc. John Muncey, H.O. Stewart, T. Ford, CO Hazard, M. Parson, CO Thorn, Dr. Polynskee, Dr. Layton, Lt. Ripley, Capt. W. Morris, Sgt. Hutcherson, Lt. Donaway, Lt. V. Jones, CO J. Johnson, Ofc. Barnhart, Lt. Elliott, and Ofc. A. Carter (collectively, the "ECI Defendants"), as well as "Ofc. K.," "OIC of ASIA Unit," and "OIC Isolation," none of whom were identified nor served with process. ECF No. 15. In the operative Second Amended Complaint,[2] Fields claims violations of his rights under the First, Fourth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. *Id.* He seeks $250,000 in damages. *Id.* at 3.

---

[1] It appears that Lt. Landon was incorrectly docketed as "Lt. London." See ECF No. 1 at 1; ECF No. 15 at 1. The Clerk will be directed to amend the docket accordingly.

[2] Fields filed the original Complaint in this case on October 21, 2020. ECF No. 1. By Order dated November 24, 2020, the Court dismissed Fields's claims regarding loss of property and verbal harassment, and directed him to file an Amended Complaint. ECF No. 5. Although Fields filed an Amended Complaint on September 24, 2021, it failed to correct the noted deficiencies. *See* ECF Nos. 11, 12. Thus, the Court directed Fields to file a Second Amended Complaint. ECF No. 12. After being granted an extension of time, Fields filed a "Complaint," which was docketed as a Supplement. ECF No. 15. As it appears that Fields intended to comply with the Court's prior Order, the Clerk shall be directed to construe the filing at ECF No. 15 as the Second Amended Complaint.

On December 15, 2022, the ECI Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.[3] ECF No. 22. The court informed Fields, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the motion could result in dismissal of the Second Amended Complaint. ECF No. 24. Fields then sought and was granted until May 7, 2023, to respond. ECF Nos. 28, 29. On April 28, 2023, the Court received correspondence from Fields asking to postpone the case and requesting appointment of counsel. ECF No. 30.

This Court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the ECI Defendants' motion shall be granted. As Ofc. K., OIC of ASIA Unit, and OIC Isolation were not identified nor served, the claims against them will be dismissed without prejudice. Because no viable claims are proceeding at this time, Fields's requests for postponement and for counsel shall be denied.

**Background**

In Fields's initial Complaint, he brought suit against 15 defendants for violating his constitutional rights from April of 2019 through November of 2019. *See* ECF Nos. 1, 5. Upon review of the filing, this Court found it to be "deficient in several respects." ECF No. 5 at 4. For example, Fields named Lt. London, T. Ford, and Sgt. Hutcherson as defendants in the caption of the Complaint but made no specific allegations against them. *Id.* As to other named defendants, Fields failed to provide sufficient details to support his claims, such as how his rights were violated and what harm he suffered. *Id.* Thus, the Court directed Fields to file an Amended Complaint that provided "details regarding the action taken by each defendant to support his claims, including the dates, if possible, of the alleged incidents." *Id.* The Court, however, dismissed Fields's claims

---

[3] The ECI Defendants also filed a Motion to Seal Medical Records (ECF No. 23), which shall be granted.

2

alleging a loss of personal property and verbal abuse, explaining that neither amounted to a constitutional violation. *Id.* at 4-5 (*citing*, inter alia, *Parratt v. Taylor*, 451 U.S. 52, 543 (1981) and *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980)).

Thereafter, Fields filed an Amended Complaint. ECF No. 11. In the new filing, he alleged that: Ofc. Hutcherson "physically assaulted" him; Lt. Elliott housed him with a known gang member; Ofc. K. and Lt. Donaway discarded his property and legal papers; Ofc. K., Lt. Landon, Ofc. Parson, "and other correctional officers" verbally abused him; Dr. Polynskee, Dr. Layton, and Ofc. Thorn wrongfully placed him on suicide watch; he was denied administrative grievance forms and placed in isolation with no access to religious materials and proper hygiene; Ofc. T. Ford denied him toilet paper and medical treatment; and Ofc. Barnhart left him in a wet, flooded cell and turned off his access to water for two weeks. *See id.* Fields, however, failed to include factual details supporting his claims. At times, he did not indicate who was responsible for the alleged wrongdoing or what injuries he suffered as a result. Thus, this Court found that Fields failed to correct deficiencies noted in the Complaint as originally filed. ECF No. 12 at 1.

The Court granted Fields an opportunity to file a Second Amended Complaint to include "(1) an explanation with specific supporting facts as to how *each defendant* participated in the matters alleged and what law(s) each defendant allegedly violated; (2) what injury or injuries Fields suffered; (3) the prison where these incidents occurred; and (4) what relief Fields wants the Court to order." *Id.* at 2 (emphasis in original). The Court cautioned Fields that the Second Amended Complaint would be the operative complaint and that failure to comply with the Order may result in dismissal. *Id.* at 1-2.

Fields filed his Second Amended Complaint on May 6, 2022. ECF No. 15. Although he specified that all allegations took place at ECI and that he sought monetary damages totaling

3

$250,000, Fields repeated most of the same allegations as listed in the First Amended Complaint. *See id.* Namely, he claims that Ofc. Hutcherson physically assaulted him; Lt. Elliott housed him with a gang member; Ofc. K and Lt. Donaway discarded his personal property and legal documents; Ofc. K, Lt. Donaway, and the ECI Warden denied him grievance forms; Ofc. Carter, Dr. Polynskee, Dr. Layton, and the Warden wrongfully accused him of assaulting an officer and placed him on suicide watch; Lt. Landon refused to listen to his request for grievance forms; he was placed in isolation with no access to religious materials and proper hygiene; Ofc. Ford denied him medical care; Ofc. Thorn slammed him to the ground and placed him on suicide watch for no reason; Ofc. Elliott, the OIC of Isolation, and the Warden again placed him on suicide watch; Ofc. Parson discriminated against him based on his sexual orientation; Ofc. Barnhart left him in a wet, flooded cell and turned off his access to water for two weeks; Ofc. Parson, Ofc. Thorn, the OIC of Isolation, and the Warden verbally abused him; Lt. Donaway, Lt. Jones, and OIC of Isolation withheld his property; and the Warden withheld his legal mail. *Id.*

## Standard of Review

The ECI Defendants have moved to dismiss the claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56. Motions styled in this manner implicate the court's discretion under Rule 12(d), *see Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 88 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012), which provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." The Court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not

consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)). Here, it is not necessary for the Court to consider matters outside the pleadings or to resolve factual disputes. Therefore, Defendants' Motion shall be construed as a motion to dismiss.

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

The Court reads Fields's pleadings generously, as he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, the Court must also fulfill its "affirmative obligation ... to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted).

## Discussion

The ECI Defendants' Motion argues that: (1) Fields fails to state a claim; (2) he failed to exhaust administrative remedies; (3) there is no respondeat superior liability as to the supervisory

defendants; (4) Fields's claims regarding loss of property and verbal abuse had already been dismissed; and (5) Fields has not established a claim for denial of medical care. ECF No. 22-1.

## I.     Compliance with the Court's Orders

As an initial matter, Fields's claims for loss of property and verbal abuse were dismissed through an earlier Order. ECF No. 5. Thus, the Court declines to address his allegations of verbal abuse against Lt. Landon, Ofc. Hazard, Ofc. M. Parson, and Ofc. Thorn, as well as his claims regarding loss of property against Lt. V. Jones and Lt. Donaway.

Next, Fields names several defendants in the caption of the Second Amended Complaint but fails to allege any wrongdoing on their part. They are: Ofc. John Muncey, H.O. Stewart, CO J. Johnson, Lt. Ripley, Capt. W. Morris. *See* ECF No. 15. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). As Fields has not attributed any specific action or inaction to these individuals that resulted in a constitutional violation, he fails to state a claim against them. Accordingly, they will be dismissed from this suit.

Some of Fields's claims are also subject to dismissal because he fails to provide sufficient factual details in support of his allegations or fails to indicate how he was injured by the alleged wrongdoing. For example, he states that Lt. Landon and the Warden denied him grievance forms, and Lt. Elliott housed him with a gang member, but he does not specify what harm he suffered as a result. ECF No. 15 at 4-5, 7. Likewise, Fields alleges that Ofc. Hazard and Ofc. M. Parson "placed a black board divider at the observation window" while he was requesting clothes and a mattress. *Id.* at 9. This Court previously informed Fields that his allegations failed to "explain how his rights were violated" by these officers, ECF No. 5 at 4, yet he neglected to provide any additional information regarding this incident in his subsequent amendments, ECF Nos. 11, 15.

Fields also fails to specify how Dr. Polynskee and Dr. Layton personally participated in "indulging the officers in th[eir] mental distress tactic," which led to his placement on suicide watch. ECF No. 15 at 6-7. He further claims that he "was assaulted by Sgt. Hutcherson," *id.* at 1; Ofc. Carter falsely accused him of assaulting an officer, causing Lt. Elliott to transfer him to disciplinary segregation, *id.* at 6-7; and T. Ford "directed medical officers to ignore the fact that I was in severe chronic back pain and inflating eczema"[4] and denied him toilet paper, *id.* at 8; but he does not provide additional details as to any of these incidents. As Fields has repeatedly failed to comply with this Court's Orders regarding the information that must be included in his amendments and because, without that information, he fails to state a claim for relief, these claims shall be dismissed.

## II.   Remaining Claims

Following dismissal of several claims for failure to comply with this Court's Orders, Fields's remaining allegations are as follows: (1) Ofc. Thorn used excessive force while placing him on suicide watch; (2) Ofc. Barnhart and Lt. Donaway subjected him to unconstitutional conditions of confinement; (3) Lt. Donaway and the Warden hindered his access to courts, *see* ECF No. 15 at 7-8, 10; and (4) the Warden and other supervisors are responsible for their subordinate's actions, *see id.* at 4-12.

---

[4] To the extent Fields raises an Eighth Amendment claim for denial of medical care, "[a]ctual knowledge or awareness" on the part of prison staff is essential because prison officials who lacked knowledge of a medical risk cannot be said to have inflicted cruel and unusual punishment by withholding treatment. *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)). Here, Fields does not explain the details of his interaction with T. Ford. For example, he does not indicate how long he had been suffering from these symptoms; whether it was well-documented; whether T. Ford was aware of the seriousness of his condition; whether he asked to be taken to the medical unit, what authority T. Ford had, if any, to address his medical concerns; and whether medical staff complied with T. Ford's request.

### *A. Eighth Amendment Claims*

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016). To establish an Eighth Amendment violation, an inmate must establish both that the prison official subjectively "acted with a sufficiently culpable state of mind" and that the injury or deprivation inflicted was objectively serious enough to constitute a violation. *Williams v, Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

To satisfy the objective level of harm, a party asserting an Eighth Amendment excessive force claim must demonstrate that the officer used a "nontrivial" amount of force. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 37 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (internal quotation marks omitted). The subjective element requires evidence that prison personnel used force "maliciously or sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Here, Fields claims that on October 16, 2019, Ofc. Thorn forcefully slammed him to the ground, stripped his clothes, and confiscated his mattress, sheets, and blanket. ECF No. 15 at 8. To the extent Fields raises an excessive force claim, he fails to allege any injury sustained as a result of this incident. *See Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) (stating that although a prisoner "asserting malicious and sadistic use of force need not show that such force caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of

8

action," it "is necessary [to have] proof of more than de minimis pain or injury") (citing *Hudson*, 503 U.S. at 9).

To the extent Fields raises a conditions of confinement claim, he fares no better, as a plaintiff cannot have been found to be subjected to unconstitutional confinement conditions unless he can show a serious or significant physical or mental injury as a result of those conditions. *See Strickler v. Waters*, 989 F.2d 1375, 1379–81 (4th Cir. 1993); *accord Jones v. Puffenbarger*, No. CV CCB-15-3137, 2017 WL 1020819, at *13 (D. Md. Mar. 15, 2017) (finding that plaintiff failed to demonstrate that conditions in suicide watch caused the alleged injury). In any event, deprivation of a bed in a correctional facility does not necessarily amount to cruel and unusual punishment. *See Lowery v. Bennett*, 492 F. App'x 405, 407, 410 (4th Cir. 2012) (finding that 10-day placement on strip-cell confinement, which included removal of personal hygiene items, religious books, mattress, bedding, towels, and clothing, did not violate Eighth Amendment); *see also Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (finding that four days without clothes, mattress, water, bedding, legal mail or hygienic supplies did not violate the Eighth Amendment).

Fields also alleges that Ofc. Barnhart left him "in a wet cell," causing excessively cold temperatures, and shut off his access to water for two weeks. *Id.* at 10. He also claims that Lt. Donaway placed him in isolation where he was denied access to clean clothes, toiletries, and cleaning products.[5] *Id.* at 7-8. Construed liberally, Fields raises conditions of confinement claims.

---

[5] Fields seems to allege that because he was denied the "right to clean [his] body," he was effectively denied the right to "practice religious beliefs as a Muslim." ECF No. 15 at 8. To the extent Fields claims that his rights under the Free Exercise Clause of the First Amendment were violated, he again fails to provide sufficient details to do so. In any event, only intentional conduct is actionable under the Free Exercise Clause. *Lovelace v. Lee*, 472 F.3d 124, 201 (4th Cir. 2006). The Fourth Circuit has held that "negligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause." *Id.* As it appears that any effect on Fields's religious practice was inadvertently caused by his placement in isolation, he has not shown that there was a "conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." *Id.*

Conditions of confinement that "involve wanton and unnecessary infliction of pain," or which "deprive inmates of the minimal civilized measure of life's necessities," may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991). "[T]he first showing requires the court to determine whether the deprivation of the basic human need was *objectively* 'sufficiently serious,' and the second requires it to determine whether *subjectively* 'the officials act[ed] with a sufficiently culpable state of mind.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Again, Fields has failed to allege any injury here. Because Fields has not sufficiently alleged the serious deprivation of a basic human need, the Court need not consider whether Fields has sufficiently alleged that the defendant officers acted with an intent sufficient to satisfy the state-of-mind requirement. *See id.* Thus, Fields's conditions claim is subject to dismissal.

### B. Due Process

Fields's claim that Lt. Donaway and the Warden failed to deliver his legal documents is construed as an alleged violation of due process rights under the Fourteenth Amendment. ECF No. 15 at 7-8, 12. Such a claim fails because a critical requirement of an access-to-courts claim is that a prisoner must allege "actual injury" to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Actual injury occurs

10

when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was frustrated or impeded because of the denial of access to the courts. *Lewis*, 518 U.S. at 352-53 & n.3. The complaint must contain a sufficient description of the predicate claim to permit an assessment of whether it is "nonfrivolous" or "arguable." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Fields states only that his "basic right to legal work material and writing supplies and mailing services had been revoked even when I expressed I had issues that needed to be filed in court in a timely manner and I had to correspond with my Post Division [sic] Attorney." ECF No. 15 at 7-8. Fields, however, has not stated whether, or how, his case in another court was adversely affected. Therefore, he has not satisfied the "actual injury" requirement and his access to courts claim fails.

### *C. Respondeat Superior*

To the extent Fields intends to sue the Warden and other officers in their capacity as supervisors, he cannot succeed. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (holding that there is no respondeat superior liability under § 1983). Rather, liability of supervisory officials is "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). To establish supervisory liability under § 1983, a plaintiff must show that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was

an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). "A single act or isolated incidents are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability." *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (footnote and citations omitted).

Fields has failed to plead or demonstrate sufficient facts showing supervisory indifference to, or tacit authorization of, any misconduct by ECI employees. As discussed above, Fields fails to show that his constitutional rights were violated. Accordingly, he has necessarily failed to demonstrate that the Warden and other supervising officers authorized or were indifferent to any such violation. Furthermore, Fields's assertions do not demonstrate any pattern of widespread abuse necessary to establish supervisory action or inaction giving rise to § 1983 liability. *See id.* ("Generally, a failure to supervise gives rise to § 1983 liability, however, only in those situations in which there is a history of widespread abuse."). Therefore, the Warden and other supervisors at ECI are entitled to dismissal of the claims against them on this ground.

## Conclusion

The ECI Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is granted.[6] The claims against Ofc. K. and OIC Isolation are dismissed without prejudice. A separate order follows.[7]

---

[6] In light of this ruling, the Court need not address the ECI Defendants' other arguments.

[7] In Fields's correspondence received on April 28, 2023, he alleges that staff at Western Correctional Institution have retaliated against him. ECF No. 30. If Fields wishes to pursue this separate and unrelated claim, he may file a new complaint.

Dated this __14__ day of September, 2023.

FOR THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge